FILED
2007 Jul-31  PM 03:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| EMPLOYERS INSURANCE COMPANY OF WAUSAU, *et al.*, | ] ] ] |
| Plaintiffs, | ] ] |
| vs. | ] CV-05-CO-00596-W ] |
| SMS-GHH, INC., *et al.* | ] ] |
| Defendants. | ] ] |

MEMORANDUM OF OPINION

I.  Introduction.

The Court has for consideration defendants SMS-GHH, Inc. and SMS Demag, Inc.'s (hereinafter collectively referred to as "SMS") Motion for Relief from Order (Doc. 158), which was filed on May 25, 2007.  On May 22, 2007, this Court granted in part and denied in part SMS's motion for summary judgment.[1]  (Doc. 156.)  Rule 60(b) of the Federal Rules of Civil Procedure provides that a court may relieve a party from an order or

---

[1] The Court incorporates the facts and standard for summary judgment as set forth in the May 22, 2007, memorandum of opinion.

judgment for any "reason justifying relief from the operation of the judgment." For the reasons set forth below, SMS's Motion for Relief from Order is GRANTED, and SMS is entitled to summary judgment as to all of Plaintiffs' remaining claims.

II.   Discussion.

    A.   Breach of Contract and Breach of Warranty Statutes of Limitations.

This Court denied SMS summary judgment on its argument that Plaintiffs' claims are barred by the applicable statutes of limitations because SMS did not provide sufficient evidence that the continuous caster was a "good" subject to the limitations period provided by Alabama Code § 7-2-725(1). Moreover, Employers argued that the applicable statute of limitations for Plaintiffs' claims is found in § 6-5-221, which provides a two year limit for actions against architects, engineers, and builders. In its motion, SMS now contends that there is no factual basis for applying Alabama Code § 6-5-220, *et seq.*, to this case. (Doc. 158, p.3.) On June 1, 2007, the Court directed Plaintiffs to brief the issue of "whether an entity that either a) performs engineering work in the state without first procuring

a license to do so, or b) performs engineering work outside of the state and imports those services for in-state use without being licensed, can take advantage of a two year statute of limitations provision intended to benefit architects/engineers who *are* licensed in the State of Alabama . . . ." (Doc. 160, pp. 1-2.)

In the May 22, 2007, Memorandum of Opinion, this Court noted that Employers failed to provide evidence that SMS both performed engineering services in Alabama *and* met the statutory definition for an engineer under the Code. (Doc. 156, p. 12.) In order to use the limitations period provided by § 6-5-221, Employers must first show that SMS meets the statutory definition of an engineer as set forth in § 6-5-220(c). As noted by SMS in their motion, Plaintiffs have not provided evidence that SMS held an unexpired certificate of authorization to practice engineering in the State of Alabama or in any other state. Employers responds by asserting that SMS performed engineering services in designing and manufacturing the caster and is, therefore, estopped from arguing that it is not an engineer. According to Employers, SMS agreed to comply with Alabama law (which includes Alabama's engineers licensing statute), designated numerous

employees as "engineers," and performed extensive "engineering" work under the Agreement with Corus.  (Doc. 161, p. 6.)

SMS responds that it did not provide "engineering services" to Corus. (Doc. 165, p. 4.)  Instead, SMS contends that it was a "supplier," and as such, it contracted to "design, manufacture, supply, deliver, [and] supervise the erection and commissioning" of the "single strand continuous casting machine."  *Id*.  SMS also offers that former defendant Eichleay Engineers, Inc. was the project engineer.  *Id*. at 5.  Corus' own testimony demonstrates that Eichleay Engineers, Inc. was the "project engineer" with the responsibility of "engineering design" and management of the entire construction project.  *Id*.  Plaintiffs' expert, Karl Koenig, testified at his deposition that SMS provided "general arrangement drawings" and that "there is an insufficient amount of detail on those drawings for a contractor to go and [do the detail work on the project].  Eichleay basically served as the construction engineering firm that took those and made the information available for contractors . . . ."  (Doc. 128, Ex. 28, pp. 124-25.)

As pointed out by SMS, the limitations period in § 6-5-221 provides the sole means by which Plaintiffs can avoid application of the statute of

limitations in this case, and after carefully considering each of Plaintiffs' arguments in their opposition brief, the Court finds that they have failed to provide evidence that SMS both performed engineering services in Alabama *and* met the statutory definition for an engineer.

SMS correctly asserts in its motion that Plaintiffs' breach of contract and breach of warranty claims are barred by either the four or six year statutes of limitations. As stated in this Court's memorandum of opinion, the parties completed the Agreement on October 2, 1997. Under Alabama Code § 6-2-34(9), Plaintiff's breach of contract claim expired six years later on October 2, 2003. Likewise, applying § 7-2-725(1), Plaintiffs' claims expired four years later on October 2, 2001. The express warranty in the Agreement expired on October 2, 1997. Therefore, Plaintiffs' breach of warranty claims expired either six years later on October 2, 2003, or four years later on October 2, 2001. *See* Ala. Code §§ 6-2-34(9), 7-2-725(1) & (2). Because this action was filed on March 21, 2005, Plaintiffs' breach of contract and breach of warranty claims are barred whether this Court applies either the four or six year statute of limitations. Therefore, SMS is entitled to summary judgment as to Plaintiffs' breach of contract and

breach of warranty claims.

B.   Employers' Negligence Claims.[2]

This Court granted SMS's motion for summary judgment as to Employers' claims arising under the Alabama Extended Manufacturers Liability Doctrine (hereinafter referred to as "AEMLD") because its proffered experts failed to provide testimony which established the existence of a safer, practical alternative design. (Doc. 156, p. 24.) In their original motion for summary judgment, the SMS defendants did not argue that Employers' negligence claims should fail for the same reasons as its AEMLD claims. SMS now argues that "Employers cannot meet its burden of proof in establishing its negligence claim because it cannot prove the existence of a safer, practical alternative design." (Doc. 158, p. 7.) Employers responds by asserting that its evidence shows SMS's negligent: (1) failure to warn Corus of faults and defects; (2) failure to train Corus employees; and (3) failure to properly design the caster's emergency rotations system and/or

---

[2] As stated in the Memorandum of Opinion, this Court dismissed Corus's AEMLD and negligence claims on July 12, 2006. Therefore, Corus's only remaining claims are for breach of contract and breach of warranty.

the manipulator arm.[3]  (Doc. 161, p. 11.)

Where a plaintiff supports its negligence claim with the same allegations and evidence as its AEMLD claim and the Court grants summary judgment as to the AEMLD claim due to the plaintiff's failure to establish the existence of a safer, practical alternative design, summary judgment is also due to be granted on the plaintiff's negligence claims.  *See Connally v. Sears Roebuck & Co.*, 86 F. Supp. 2d 1133, 1138 (S.D. Ala. 1999) (granting manufacturer's a summary judgment motion on claims of "negligent design" and AEMLD where plaintiff failed to establish existence of a safer, practical alternative design); *Yarbrough v. Sears Roebuck & Co.*, 628 So. 2d 478, 482 (Ala. 1993) (affirming summary judgment on claims of "negligent design"

---

[3]In the June 1, 2007, Order, this Court directed Plaintiffs to respond to the following: (1) whether or not their evidence *as presented* supports a claim of negligence; (2) whether their evidence must demonstrate the availability of a safer alternative design to make out a claim for negligence; and (3) any other issues raised in, or implicated by, SMS's Motion for Relief. (Doc. 160, p. 2.)  Employers' only evidence in support of its failure to warn claim is an affidavit produced on June 12, 2007, long after the close of discovery.  The evidence, "as presented," simply does not support a claim for failure to warn.  Employers' failure to train claim appears to the Court to be raised for the very first time in its opposition brief to SMS's motion for relief.  None of Plaintiffs' pleadings include a negligent "failure to train" claim. Moreover, Employers' evidence in support of the claim is an affidavit produced after this Court's June 1, 2007, Order.  For these reasons, the Court refuses to hear arguments in support of negligent failure to warn and failure to train claims raised for the very first time in opposition to SMS's motion for relief.

and AEMLD where the plaintiff failed to establish the existence of a safer, practical alternative design).  Because this Court has already held that Employers' experts failed to establish the existence of a safer, practical alternative design to SMS's design of the caster, and because Employers has failed to show how their evidence "as presented" at the summary judgment stage of this case supports a claim of negligence, SMS is also entitled to summary judgment as to Plaintiffs' negligence claims.

C. SMS's Motion to Strike.

SMS has also filed a motion to strike (Doc. 164) certain portions of the affidavits submitted by Plaintiffs in opposition to the motion for relief.  The Court specifically, and clearly, directed Plaintiffs to respond to the questions in the June 1, 2007, Order based on the evidence "as presented." (Doc. 160.)   The Court has only considered evidence that was submitted in support of the parties' submissions at the summary judgment stage of this case.  The Court has not considered the additional affidavits or evidence submitted by either SMS or Plaintiffs in reaching its holding in this Order. Therefore, SMS's motion is due to be GRANTED.

III.   Conclusion.

For the reasons stated above, SMS's Motion for Relief from Order is due to be granted, and they are entitled to summary judgment as to the remaining claims against them. A separate order in conformity with this opinion will be entered.

Done this 31st day of July 2007.

                                        L. SCOTT COOGLER
                                    UNITED STATES DISTRICT JUDGE

143449